IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE CRUDUP,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, a Political Subdivision;<br><br>Defendant. | 8:21CV45<br><br>ORDER |

    This matter is before the Court on Plaintiff's Motion to File Amended Complaint (Filing No. 48). For the reasons explained below, the motion will be granted.

## BACKGROUND

    Plaintiff filed this suit on February 5, 2021, setting out six causes of action: (1) discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964; (2) hostile work environment in violation of the Nebraska Fair Employment Practices Act; (3) hostile work environment in violation of 42 U.S.C. § 1981; (4) violation of equal protection under 42 U.S.C. § 1983; (5) retaliation in violation of Title VII; (6) and retaliation in violation of the Nebraska Fair Employment Practices Act. (Filing No. 1.) These causes of action all stem from Plaintiff's employment as a firefighter with the City of Omaha. At the time this case was filed, Plaintiff was still employed by Defendant. She had been on unpaid medical leave since May 22, 2020, due to PTSD she allegedly developed due to Defendant's purported discrimination and harassment. Plaintiff resigned from her position as a firefighter on May 30, 2022.

    Shortly after this case was filed, the Court entered a progression order setting deadlines in this case. The progression order did not set a deadline for filing amended pleadings as the parties advised the Court that they did not anticipate filing amended pleadings. (Filing No. 9.) The

progression order set December 1, 2021 as the deadline for completion of written discovery and March 3, 2022 as the deposition deadline. Dispositive motions were to be filed by April 9, 2022, but this deadline was subsequently extended to May 9, 2022. (Filing No. 23.) Defendant filed a Motion for Summary Judgment (Filing No. 36) on May 9, 2022. The pretrial conference is scheduled for November 1, 2022, and the trial is scheduled to commence on November 29, 2022. (Filing No. 31.)   Plaintiff filed the instant Motion to Amend on June 8, 2022. (Filing No. 48.)

## DISCUSSION

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted).

Additionally, "where a party seeks leave to amend after a scheduling order deadline, that party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper." *BDC Farms, Inc. v. Certified Angus Beef, LLC*, No. 8:08CV25, 2007 WL2344814, *3 (D. Neb. Aug. 14, 2007) (quotation omitted). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.RD. 165, 166 (W.D. Mo. 1989).

Plaintiff seeks leave to amend her Complaint to (1) add a claim for discrimination under the Nebraska Fair Employment Practices Act; (2) add a claim for constructive discharge under VII; (3) add a § 1981 claim based on discrimination, retaliation, and constructive discharge; (4) add a claim for constructive discharge under the Nebraska Fair Employment Practices Act; and (5) remove the gender discrimination claim. (Filing No. 48.) Plaintiff argues amendment is proper at this time because she resigned from her employment on May 30, 2022, and consequently a claim for constructive discharge is now ripe. Defendant opposes the amendment, arguing that Plaintiff did not diligently seek to amend and that amendment at this time would be unduly prejudicial.

"A claim of constructive discharge . . . has two basic elements." *Green v. Brennan*, 578 U.S. 547, 555 (2016). First, a "plaintiff must prove first that she was discriminated against by her employer to the point where a reasonable person in her position would have felt compelled to resign." *Peniska v. CJ Foods, Inc.*, 8:19CV277, 2019 WL 4933520, at *2 n.2 (D. Neb. Oct. 7, 2019) (quoting *Green*, 578 U.S. at 555)). "Second, she must actually resign." *Id. See Green*, 578 U.S. at 555 ("Under the standard rule for limitations periods, the limitations period should begin to run for a constructive discharge claim only after a plaintiff resigns. At that point—and not before—he can file a suit for constructive discharge. So only at that point—and not before—does he have a complete and present cause of action.")

Plaintiff did not resign from employment until May 30, 2022. Up to that point, she was only on unpaid leave and, therefore, did not have a complete and present cause of action for constructive discharge. Plaintiff filed her Motion to Amend a little over a week after she resigned. Additionally, on April 19, 2022, Plaintiff's counsel advised the Court during a status conference that Plaintiff was still receiving medical treatment. It was unclear when Plaintiff would return to work. Based on this timeline of events, the undersigned is unable to conclude that Plaintiff did not act diligently in seeking to amend.

Further, additional discovery would likely be unnecessary, or at the very least minimal, based on the addition of the proposed claims. The same conduct that forms the basis for the new causes of action serves as the basis for the current claims. Also, practically speaking, if leave to amend were denied, it is probable that Plaintiff would simply file a separate suit against Defendant alleging the claims Plaintiff now seeks to add through amendment. From a judicial economy standpoint, it makes little sense to require a separate suit. A separate suit would just prolong litigation between the parties, leading to further expense and delay. In light of this, Defendant will not be unduly prejudiced through amendment, particularly given that this action has not, relatively speaking, been pending that long.

Accordingly, for good cause shown,

**IT IS ORDERED** that Plaintiff's Motion to File Amended Complaint (Filing No. 48) is granted. Plaintiff shall file the amended complaint by August 26, 2022. The parties shall confer

regarding any necessary additional discovery and whether the pretrial and trial will need to be continued. The parties shall file a report regarding these matters by September 2, 2022.

Dated this 22nd day of August, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge