IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE CRUDUP,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CITY OF OMAHA, a Political Subdivision,<br><br>                    Defendant. | **8:21CV45**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant's, City of Omaha's, motion in limine.  Filing No. 72.  For the reasons set forth herein, the Court grants in part and denies in part the motion in limine.

## I.      BACKGROUND

Plaintiff, Jane Crudup, brings this action for race-based employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Nebraska Fair Employment Practice Act, and 42 U.S.C. § 1981, for incidents that occurred while she worked as a firefighter for Defendant, City of Omaha.  In the operative complaint, she alleges causes of action for race discrimination, constructive discharge, hostile work environment, violation of the equal protection clause of the Fourteenth Amendment, and retaliation.  *See* Filing No. 56.  She does not plead a disparate-impact cause of action. *See id.*

As part of her retaliation cause of action, Crudup asserts the City denied her worker's compensation benefits and "injured-on-duty" status which would have entitled her to certain benefits under Article 21 of the Collective Bargaining Agreement applicable to Fireman's Pension System members.  Filing No. 80 at 8–9.  Article 21 provides:

Any employee who is a member of the Police and Firemen's Pension System who shall sustain injuries or sickness, arising out of and in the course of his/her employment which are of such a character as to unfit him temporarily for active duty shall be paid his full salary for the period of such temporary disability, but not to exceed three hundred sixty-five (365) calendar days for each such injury and, in addition thereto, such medical, surgical and hospital expenses as may be incurred as the result of the injury or sickness, but the salary and other benefits, being in excess of benefits under the Nebraska Worker's Compensation Act, shall be in lieu thereof.

Filing No. 65-8 at 2.

The City moves in limine for an order excluding evidence and argument regarding disparate impact and excluding evidence and argument regarding the decision to deny Crudup worker's compensation and injured-on-duty benefits.

II.     ANALYSIS

A. Standard of Review

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.*

Courts are guided by Federal Rules of Evidence 401 and 403 in resolving these motions. A court must evaluate whether the proposed evidence is relevant in that it has "any tendency to make a fact more or less probable than it would be without the evidence"

and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if the evidence is relevant, a court may preclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## B. Disparate Impact

The City first seeks to preclude Crudup from raising a disparate-impact claim at trial. Filing No. 73 at 3. Crudup did not plead a disparate-impact claim and has not filed a motion seeking leave to amend her complaint. However, in her brief in opposition to the motion in limine, Crudup states she "seeks to either amend the complaint or submit disparate impact jury instructions." Filing No. 80 at 5.

"Disparate treatment claims involve allegations of intentional discrimination, while disparate impact claims challenge 'practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities.'" *Bennett v. Nucor Corp.*, 656 F.3d 802, 808 (8th Cir. 2011) (quoting *Ricci v. DeStefano*, 557 U.S. 557 (2009)). "To establish a prima facie case of disparate impact . . . , the plaintiff[] must show: '(1) an identifiable, facially-neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two.'" *Id.* at 817 (quoting *Mems v. City of St. Paul*, 224 F.3d 735, 740 (8th Cir. 2000)).

Crudup argues the City's training custom of hanging firefighters' gear from the flagpole had a disparate impact on Black firefighters despite being facially neutral. Filing No. 80 at 5. She argues she was not aware of this potential claim until the City produced

affidavits from white firefighters in opposition to summary judgment on November 9, 2022. Filing No. 80 at 7.

Crudup's informal request to amend her complaint on the eve of trial is untimely given the scheduling order in this case.  *See* Filing No. 9 (case progression order); Filing No. 54 at 1–2 (order dated August 22, 2022, granting Plaintiff leave to file an untimely first amended complaint discussing the deadlines in this case).  Federal Rule of Civil Procedure 16 requires good cause to amend a scheduling order.  "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Ellingsworth v. Vermeer Mfg. Co.,* 949 F.3d 1097, 1100 (8th Cir. 2020) (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).  "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Id.* (quoting *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)).

Crudup has failed to show good cause why she should be permitted leave to amend her complaint out of time and on the eve of trial to add a disparate-impact claim. Even assuming she was not aware of a potential disparate-impact claim until November 2022, she did not seek leave to amend at that time, but waited until April 2023, demonstrating a lack of diligence which is the most important factor in assessing good cause.  Accordingly, Crudup is not permitted to amend her complaint and any evidence or argument relating to disparate impact will not be admitted at trial.

## C. Workers Compensation and Injured-on-Duty Benefits

The City next seeks to preclude evidence of Crudup being denied worker's compensation and benefits pursuant to the collective bargaining agreement.  The City

4

argues that because its third-party work compensation administrator, CORVEL, was the one to deny Crudup worker's compensation benefits, such a fact cannot support her retaliation claim.  Filing No. 73 at 10.  Crudup appears to concede this point, admitting she "is not alleging that the denial of her Worker's Compensation claim is an adverse employment action."  Filing No. 80 at 8.  Crudup argues, however, that the City's failure to confer her injured-on-duty benefits under Article 21 of the Fireman's Pension System's collective bargaining agreement *did* constitute an adverse employment action.  Filing No. 80 at 8–9.  The City does not directly address this contention, but argues it is one in the same with the worker's compensation benefits because the state worker's compensation court is the "appropriate forum" for both such claims.  *See* Filing No. 73 at 10.  It argues any such evidence would be irrelevant under Rule 401 and unduly prejudicial under Rule 403.

"Pretrial Rule 403 exclusions should rarely be granted. . ..  A court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence."  *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).  "Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial."  *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000); *see also Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (noting that evidentiary rulings, especially those that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context).  To the extent that a party challenges the probative value of the evidence, an attack upon the probative

sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

First, the parties concede the denial of worker's compensation benefits is not relevant and the Court agrees given the fact it was not the City's decision to deny Crudup such benefits.

Second, evidence of Crudup's injured-on-duty-status and her subsequent denial of benefits provided for under the collective bargaining agreement may be relevant to the issues in this case, but the Court is not able to determine that at this time.  The City notes important potential foundational issues for the evidence Crudup might seek to admit.  The Court is not inclined to conduct a "mini-trial" on benefits that have been the subject of litigation in another court, but, without knowing the nature of the evidence Crudup might present, the Court cannot say that it should be precluded in its entirety at this time.  To the extent any such evidence lacks foundation, is irrelevant, or lacks a causal connection to the issues in this case, it will not be allowed.  Accordingly, the motion in limine will be granted as to worker's compensation benefits and denied as to collective bargaining agreement benefits without prejudice to reassertion through a timely objection at trial.

III.     CONCLUSION

For the reasons set forth herein, the Court grants the City's motion to exclude any argument or evidence of a non-pled disparate impact claim, grants the City's motion to exclude argument or evidence of the denial of worker's compensation benefits, and denies the City's motion to preclude any evidence of Plaintiff's injured on duty benefits under the collective bargaining agreement without prejudice to reassertion.

6

IT IS ORDERED:

1.  Defendant's, City of Omaha's, Motion in Limine, Filing No. 72, is granted in part

    and denied in part as set forth herein.

Dated this 12th day of April, 2023.

                                        BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Senior United States District Judge